UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MATTHEW DEES,
an individual,

       Plaintiff,

v.

WELLS FARGO BANK, N.A.,
a national association,

       Defendant.

_____/

Case No.: 8:23-cv-00135

## COMPLAINT

**COMES NOW**, Plaintiff, MATTHEW DEES (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, WELLS FARGO BANK, N.A. (hereinafter, "Defendant").  In support thereof, Plaintiff states:

## PRELIMINARY STATEMENT

1.    This is an action for actual damages, statutory damages, costs, and attorney fees for Defendant's violations of the Fair Credit Billing Act (part of the Truth in Lending Act), 15 United States Code, Section 1666 and Regulation Z issued thereunder  (hereinafter, the "FCBA"), wherein Defendant: (1) failed to limit the liability for unauthorized transfer charges from his credit card account within the bounds of the FCBA; (2) failed to investigate and explain the transfer charges; (3) failed to correct the errors within two complete billing cycles after receipt of notice from Plaintiff; and (4) continued reporting false and adverse information to the credit

1

reporting agencies both before and after Plaintiff's disputes.

2.      This is also an action for damages for Defendant's violations of the
Florida Consumer Collection Practices Act, Chapter 559 Florida Statutes (hereinafter,
the "FCCPA"), wherein Defendant communicated with Plaintiff in an attempt to
collect a consumer debt Defendant knew was not legitimately owed by Plaintiff.

## JURISDICTION, VENUE & PARTIES

3.      Jurisdiction of this Court arises under 28 United States Code, Section
1331 and 1367 as well as pursuant to 15 United States Code Section 1640(e). The
Court has authority to issue a declaratory judgment under 28 United States Code,
Section 2201 and has supplemental authority over Plaintiff's FCCPA claims pursuant
to 28 United States Code, Section 1367.

4.      Defendant is subject to the jurisdiction of this Court as Defendant
regularly transacts business in this District.

5.      Venue is proper in this District as the acts and events described herein
originate in this District.

6.      At all material times herein, Plaintiff is a natural person residing in Pasco
County, Florida.

7.      At all material times herein, Wells Fargo is a national association with
its principal place of business located at 420 Montgomery Street, San Francisco,
California 94163.

8.      At all times relevant hereto, Defendant, in the ordinary course of
business, regularly extends credit cards to consumers residing in Pasco County,

Florida and attempts to collect balances allegedly owed on such consumer credit card accounts.

## GENERAL ALLEGATIONS

9.      At all material times herein, Plaintiff is a "debtor" or "consumer" as defined by the FCBA and FCCPA because he is an individual and allegedly obligated to pay a debt.

10.     At all material times herein, Defendant is a "creditor" as defined by 15 United States Code, Section 1602(g) and the FCCPA, Section 559.55(5) because Defendant regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness, or, by agreement if there is no such evidence of indebtedness.

11.     At all material times herein, Defendant is a "person" subject to the FCCPA, Section 559.72.  *See* Fla. Stat. § 559.55(3); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

12.     At all material times herein, Plaintiff is an obligor with respect to a Visa credit card issued by—and payable to—Defendant referenced by account number ending -5259 and/or -4603 (hereinafter, the "Credit Card Account").

13.     At all material times herein, Defendant attempts to collect an alleged consumer debt, including but not limited to, an alleged balance owed by Plaintiff on

the Credit Card Account (hereinafter, the "Alleged Debt").

14.     At all material times herein, the Alleged Debt is a consumer debt, an alleged obligation resulting from a transaction for goods or services incurred primarily for personal, household, or family use.

15.     At all material times herein, Defendant's conduct, with respect to the Alleged Debt complained of below, qualifies as "communication" as defined by the FCCPA, Section 559.55(2).

16.     More specifically, at all material times herein, Defendant sent written correspondence to Plaintiff asserting a balance owed and requesting payment on the Alleged Debt.

17.     At all material times herein, Defendant acts itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

18.     All necessary conditions precedent to the filing of this action occurred, or Defendant waived or excused the same.

## FACTUAL ALLEGATIONS

19.     On or about March 11, 2022, a third party (hereinafter, "Third Party") made two (2) unauthorized charges on Plaintiff's Credit Card Account, specifically, in the amounts of $2,500.00 and $500.00 (hereinafter, the "Unauthorized Charges"). Please see attached a true and correct copy of Plaintiff's March 2022 monthly billing statement showing the charges attached as Exhibit "A."

20.     Plaintiff did not make the Unauthorized Charges and the Unauthorized

Charges were made without his consent.

21.    Plaintiff did not owe any debts to the Third Party as of March 11, 2022, and the Third Party did not otherwise possess permission or authority to charge Plaintiff's Credit Card Account on March 11, 2022.

22.    Shortly thereafter—and prior to March 28, 2022—Plaintiff disputed the Unauthorized Charges to Defendant via telephone wherein Plaintiff advised Defendant that Plaintiff did not make the Unauthorized Charges, that the Unauthorized Charges were made without his consent, and that Plaintiff did not owe a legitimate debt to the Third Party.  Plaintiff requested that Defendant credit or reimburse Plaintiff's Credit Card Account in the amount of $3,000.00.

23.    As such, prior to March 28, 2022, Defendant received notice and possessed actual knowledge that Plaintiff did not make the Unauthorized Charges and did not legitimately owe the $3,000.00 charged to his Credit Card Account on March 11, 2022.

24.    On March 28, 2022, Defendant sent a letter to Plaintiff, purportedly verifying the Unauthorized Charges as legitimately owed by Plaintiff, and therefore, Defendant denied Plaintiff's dispute and fraud claim.

25.    On or about March 31, 2022, Defendant sent Plaintiff his monthly billing statement for the Credit Card Account showing the Unauthorized Charges for the first time.  *See* Ex. A.

26.    Despite Plaintiff previously disputing the charges to Defendant, the total balance allegedly owed on the Credit Card Account included the $3,000.00

Unauthorized Charges (i.e., the Alleged Debt) and demanded an "[o]verlimit amount (due now)" in the amount of $1,756.20. *Id.*

27.    Defendant's letter dated March 28, 2022 and Defendant's monthly billing statement dated March 31, 2022 were both communicated directly to Plaintiff in an attempt to collect the Alleged Debt from Plaintiff despite Defendant possessing knowledge that Plaintiff did not make or authorize the Unauthorized Charges, and therefore, despite Defendant knowing that Plaintiff did not legitimately owe the Alleged Debt.

28.    On or about April 6, 2022—while in the process of purchasing a home— Plaintiff paid the $3,000.00 of Unauthorized Charges to Defendant because the alleged overlimit and overdue balance appearing on Plaintiff's credit reports would have resulted in Plaintiff receiving less favorable mortgage terms.

29.    In other words, Plaintiff was informed he would not qualify for the best possible mortgage loan terms—and may be denied credit—unless and until he paid the $3,000.00 to Defendant because the balance was reported as over the credit limit on Plaintiff's credit reports.

30.    Within sixty (60) days after transmission of the March 31, 2022 monthly statement, Plaintiff once again disputed the charges to Defendant as unauthorized and fraudulent in nature, this time in writing.

31.    More specifically, on or about May 18, 2022, Plaintiff sent a letter to Defendant via facsimile and USPS notifying Defendant that the Unauthorized Charges were unauthorized and/or fraudulently made without Plaintiff's consent and

disputing the transactions to Defendant by stating "I did not make a payment [on April 6, 2022] because I authorized the transactions; I made a payment because I was purchasing a home at the time and this extra balance on my credit was going to affect that purchase."  Please see attached a true and correct copy of said letter labeled as Exhibit "B."

32.     Plaintiff faxed the dispute letter, dated May 18, 2022, to Defendant when visiting a Wells Fargo branch located in Wesley Chapel, Florida with the assistance of Wells Fargo's employee(s) and/or representative(s).

33.     On or about May 18, 2022, Defendant received Plaintiff's letter (i.e., Exhibit B) via facsimile.

34.     On or after May 18, 2022, Defendant received Plaintiff's letter (i.e., Exhibit B) via USPS.

35.     However, Defendant did not investigate, correct, and/or explain the disputed charges to Plaintiff within thirty (30) days of receiving Plaintiff's written dispute letter dated May 18, 2022.

36.     Defendant did not investigate, correct, and/or explain the disputed charges to Plaintiff within two (2) billing cycles after receiving Plaintiff's written dispute dated May 18, 2022.

37.     Defendant knew or should have known that the collective $3,000.00 in charges and subsequent billing errors were the result of a third party charging Plaintiff's Credit Card Account without authority and without Plaintiff's consent because Plaintiff spoke with Defendant after the charges and Plaintiff also sent a written dispute

after the charges explaining that the charges should be reversed.

38.    Defendant cannot claim payment or report nonpayment in excess of $50.00.  15 U.S.C. § 1666(e).

39.    Indeed, Defendant has engaged in a pattern or practice of non-compliance with the requirements of the FCBA.

40.    A review of PACER, Westlaw, and the CFPB Complaint database reveals that Defendant has repeatedly been sued for violations of the FCBA and/or received complaints from consumers asserting that Defendant wrongfully sought payment on amounts not legitimately owed, failed to correct its errors in response to consumer disputes, and failed to reverse illegitimate charges on credit card accounts.

41.    Plaintiff retained Swift Law for the purpose of pursuing this matter against Defendant, and Plaintiff is obligated to pay his attorneys a reasonable fee for their services.

42.    As a result of Defendant's actions, Plaintiff lost $3,000.00 dollars because he was forced to pay a debt that he had not incurred and was not personally responsible for.

43.    Additionally, as a result of Defendant's actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, and confusion, believing that despite Plaintiff's repeated dispute efforts, Plaintiff must simply endure Defendant's indifference to his fraud claims and be held financially responsible for an illegitimate debt.

44.    Plaintiff also dealt with the stress and anxiety of feeling as though he must

pay off the illegitimate Unauthorized Charges, believing that the excessive, unauthorized balance on his credit card account would negatively impact the purchase of his home if not paid off in full.

45.     The FCBA provides for the award of actual damages, statutory damages in the amount of double the finance charge, pursuant to 15 U.S.C. § 1640(a)(2), with a minimum award of $500.00 and a maximum award of $5,000.00, or such higher amount as may be appropriate in light of the Defendant's pattern or practice of noncompliance, as well as an award of attorney's fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendant as to his FCBA claim.

46.     The FCCPA provides for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, declaratory and injunctive relief, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendant as to his FCCPA claim. *See* Fla. Stat. § 559.77.

### COUNT ONE:
### FAIR CREDIT BILLING ACT –
### VIOLATION OF 15 UNITED STATES CODE, SECTION 1666 *et seq*.

Plaintiff re-alleges paragraphs one (1) through forty-six (46) as if fully restated herein and further states as follows:

47.     The FCBA requires a creditor—after receiving notice from an obligor that a billing statement contains an error—to send written acknowledgement of receipt within thirty (30) days.  No later than two (2) complete billing cycles—but in no event later than ninety (90) days thereafter and prior to taking any action to collect the amount—the creditor must either: (a) correct the error; or (b) conduct an investigation

an send a written explanation containing the reasons why the creditor believes the statement was correct. 15 U.S.C. § 1666a(b).

48.     The FCBA further prohibits a creditor, such as Defendant here, from reporting a delinquency on a debt that the obligor has disputed, unless the creditor also reports that the amount is in dispute and, at the same time, notifies the obligor of the name and address of each party to whom the creditor is reporting information concerning the delinquency. 15 U.S.C. § 1666a(b).

49.     On or about March 11, 2022, the Third Party made two (2) unauthorized, illegitimate charges on Plaintiff's Credit Card Account, specifically, in the amounts of $2,500.00 and $500.00 (hereinafter, the "Unauthorized Charges"). *See* Ex. A.

50.     Plaintiff did not make the Unauthorized Charges and the Unauthorized Charges were made without his consent.

51.     Moreover, Plaintiff did not owe a debt to the Third Party as of March 11, 2022, and the Third Party did not otherwise possess permission or authority to charge Plaintiff's Credit Card Account on March 11, 2022.

52.     Between March and May 2022, Plaintiff repeatedly disputed the Unauthorized Charges to Defendant and demanded that Defendant credit or reimburse Plaintiff's Credit Card Account.

53.     On or about March 31, 2022, Defendant sent Plaintiff his monthly billing statement for the Credit Card Account which included the two (2) Unauthorized Charges in the total balance allegedly owed.

54.     On or about May 18, 2022—within sixty (60) days of the March 31, 2022

monthly billing statement—Plaintiff sent a letter to Defendant via facsimile and USPS notifying Defendant that the Unauthorized Charges were unauthorized and/or fraudulently made without Plaintiff's consent and disputing the transactions to Defendant.

55.     Defendant received Plaintiff's letter dated May 18, 2022.

56.     However, Defendant did not investigate, correct, and/or explain the disputed charges to Plaintiff within thirty (30) days of receiving Plaintiff's written dispute dated May 18, 2022.

57.     Defendant did not investigate, correct, and/or explain the disputed charges to Plaintiff within two (2) billing cycles after receiving Plaintiff's written dispute dated May 18, 2022.

58.     Defendant knew or should have known that the collective $3,000.00 in charges and subsequent billing errors were the result of a third-party charging Plaintiff's Credit Card Account without Plaintiff's knowledge or consent because Plaintiff spoke with Defendant after the charges and also sent a written dispute after the charges explaining that the charges should be reversed.

59.     Defendant violated the FCBA, Section 1666(a) by failing to timely complete its investigation of Plaintiff's claim of fraud.

60.     Defendant violated the FCBA, Section 1666(a) by concluding that Plaintiff was responsible in spite of a clear proof Plaintiff was not responsible due to the fact that the $3,000.00 in charges were not authorized by Plaintiff, were made without his consent by the Third Party, and Plaintiff did not owe a debt to the Third

Party as of March 11, 2022, the day of the Unauthorized Charges.

61.     Defendant violated the FCBA, Section 1666(a) by concluding that Plaintiff was responsible for the Unauthorized Charges because Plaintiff paid the balance in full to Defendant.

62.     As a result of Defendant's conduct, Plaintiff lost $3,000.00 dollars because he was forced to pay a consumer debt that he had not incurred and was not personally responsible for.

63.     Additionally, as a result of Defendant's actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, and confusion, believing that despite Plaintiff's repeated dispute efforts, Plaintiff must simply endure Defendant's indifference to his fraud claims and be held financially responsible for an illegitimate debt.  Plaintiff also dealt with the stress and anxiety of being compelled to pay the illegitimate Alleged Debt in full, believing that the excessive, unauthorized balance on his Credit Card Account would negatively impact the finance terms and hinder Plaintiff from purchasing a home.

64.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages as defined and permitted by 15 United States Code, Section 1640.

## COUNT TWO:
### UNLAWFUL DEBT COLLECTION PRACTICE –
### VIOLATION OF FLORIDA STATUTES, SECTION 559.72(9)

Plaintiff re-alleges paragraphs one (1) through forty-six (46) as if fully restated herein and further states as follows:

65.     Defendant is subject to, and both violated the provisions of, Florida

Statutes, Section 559.72(9) by communicating with Plaintiff in an attempt to collect the Alleged Debt despite Defendant receiving notice and possessing knowledge that the Alleged Debt is not legitimately owed by Plaintiff.

66.     Specifically, Defendant possessed actual knowledge that Plaintiff did not legitimately owe the Alleged Debt because before March 28, 2022, Plaintiff informed Defendant that the transactions charged to his Credit Card Account on March 11, 2022 by the Third Party—totaling $3,000.00—were not made by Plaintiff, not authorized by Plaintiff, and that Plaintiff did not owe a debt to the Third Party as of March 11, 2022.

67.     Despite Defendant knowing that Plaintiff did not legitimately owe the Debt, Defendant subsequently sent one letter and one billing statement—dated March 28, 2022 and March 31, 2022, respectively—directly to Plaintiff advising that Plaintiff was responsible for the Unauthorized Charges totaling $3,000.00 and demanding payment from Plaintiff on the Alleged Debt.

68.     Defendant's immediately-aforementioned letter and billing statement constitute communications made by Defendant in an attempt to collect the Alleged Debt from Plaintiff.

69.     Defendant did not possess the legal right to assert the $3,000.00 balance owed on the Alleged Debt from Plaintiff because the $3,000.00 was created as a result of unauthorized, illegitimate transactions made on Plaintiff's Credit Card Account.

70.     As such, Defendant attempted to collect the Alleged Debt—an amount known to be illegitimate—and asserted legal rights that do not exist in its

communications with Plaintiff made in an attempt to collect the Alleged Debt.

71.    On or about April 6, 2022—in fear of not qualifying for a mortgage loan while in the process of purchasing a home—Plaintiff paid the $3,000.00 illegitimate Alleged Debt to Defendant.

72.    As a result of Defendant's conduct, Plaintiff lost $3,000.00 dollars because he was forced to pay a debt that he had not incurred and was not personally responsible for.

73.    Additionally, as a result of Defendant's actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, and confusion, believing that Plaintiff must simply endure Defendant's indifference to his fraud claims and be held financially responsible for an illegitimate debt.  Plaintiff also dealt with the stress and anxiety of being compelled to pay the illegitimate Debt in full, believing that the excessive, unauthorized balance on his Credit Card Account would negatively impact the finance terms and hinder Plaintiff from purchasing a home as a first-time homebuyer.

74.    As a direct and proximate result of Defendant's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendant's conduct, Plaintiff respectfully requests an entry of:

      a.    Actual damages;

      b.    Maximum statutory damages under the FCBA in the amount of

double the finance charge, pursuant to 15 U.S.C. § 1640(a)(2), with a minimum award of $500 and a maximum award of $5,000, or such higher amount as may be appropriate in light of the Defendant's pattern or practice of noncompliance;

c.      Pursuant to 15 U.S.C. § 1666(e), an order requiring Defendant to forfeit any right to collect the first $50 of the disputed amount and any finance charges thereon from Plaintiff;

d.      An order requiring Defendant to credit Plaintiff with the disputed amount and related finance charge or other charges;

e.      Judgment declaring that Defendant violated the FCCPA;

f.      Maximum statutory damages under the FCCPA in the amount of $1,000.00;

g.      Punitive damages;

h.      Costs and attorney fees; and

i.      Such other relief as the Court deems proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

### SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendant and demands that Defendant and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

**SWIFT LAW PLLC**

15

/s/ *Aaron M. Swift*
**Aaron M. Swift, Esq., FBN 0093088**
Jordan T. Isringhaus, Esq., FBN 0091487
Sean E. McEleney, Esq., FBN 125561
8380 Bay Pines Blvd.
St. Petersburg, FL 33709
Phone: (727) 490-9919
Fax: (727) 255-5332
aswift@swift-law.com
jisringhaus@swift-law.com
smceleney@swift-law.com
jmurphy@swift-law.com
*Counsel for Plaintiff*

16